## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2015, 8:41 am

CLERK
of the supreme court,
court of appeals and
tax court

### ATTORNEY FOR APPELLANT

Adam J. Sedia
Rubino, Ruman, Crosmer & Polen
Dyer, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: the Paternity of D.Y.E. <br><br> M.D. (Father), <br> *Appellant,* <br><br> v. <br><br> A.G. (Mother), <br> *Appellee* | February 3, 2015 <br><br> Court of Appeals Cause No. 64A03-1408-JP-289 <br><br> Appeal from the Porter Circuit Court <br> The Honorable Mary R. Harper, Judge <br> The Honorable Gwenn Rinkenberger, Maigstrate <br> Cause No. 64C01-1307-JP-671 |

**Friedlander, Judge.**

[1] After Father's paternity of P.D. was established, the trial court entered an order establishing custody, support, and parenting time. Father appeals the portion of the order regarding parenting time. He presents the following consolidated and restated issue on appeal: Did the trial court err when it ordered a short period

of supervised parenting time before Father could exercise parenting time pursuant to the Indiana Parenting Time Guidelines (the Guidelines)?

[2] We affirm.

[3] P.D. was born in April 2012, and Father lived with Mother and P.D. until June 2013. On July 19, 2013, Mother filed a petition to establish paternity, custody, support, and parenting time. Father apparently left the State around September to attend to personal issues and did not return until April 2014. Father did not see P.D. during this time.

[4] At the initial hearing on April 10, 2014, Father requested DNA testing, which the trial court ordered at Father's expense. The day before the scheduled testing, Father withdrew his request. He stipulated to paternity at the subsequent hearing on May 21, 2014 and stipulated that Mother should have custody of P.D. On that date, the court entered a provisional custody and support order. The parties and the court also addressed interim parenting time, and the court indicated that it would approve supervised parenting time at Family House to help reintroduce Father and P.D.[1]

---

[1] At the conclusion of the hearing and after setting the next hearing date, the court stated:

> In the meantime if the parties are willing or able of trying to work together I would suggest it in terms of, you know, go to Family House, have an independent person tell everybody how it works and then you'll be closer to unsupervised. Because Court is inclined to, I'm not saying that I – I just usually do not disregard the, ah, what mothers want or think are in the best … in the best interest of their children. I'm not saying I listen to them carte blanche but I give mothers great weight because they're mothers.

*Transcript* at 37.

The parties appeared for the final hearing on July 24, 2014 and stipulated that parenting time was the only remaining issue.[2] Since the previous hearing, Father had arranged for and had only one visit at Family House, which was two days prior. Due to the length of time Father had gone without being in his son's life, Mother asked the court to order consistent, supervised parenting time at Family House twice a week for six weeks to allow P.D. to become reacquainted with Father. Parenting time pursuant to the Guidelines would then follow. Mother also asked that if Father wanted to bring his eight-year-old son with him to Family House, Father arrange additional visits during the six-week period. Father, through counsel, responded that he did not "have a problem conducting phase-in visitation at the Family House" but requested the court to consider the cost and number of visits. *Transcript* at 53.

With respect to parenting time, the court's order provided:

> 6.     That the Court finds that Father did not avail himself of the supervised parenting time that has been available to him for the last 10 weeks and, therefore, orders that Father shall have parenting time with [P.D.] supervised at Family House for six (6) consecutive weeks, two (2) times each week, for one (1) hour each session. If Father consistently visits with [P.D.], as stated, Father may include his older child…in the last two (2) weeks of his supervised parenting time at Family House.

---

[2] Mother's petition for rule to show cause for Father's failure to pay support was also before the court. The court found Father in contempt, ordering him to pay a portion of Mother's attorney fees and entering an income withholding order for future support and arrearage payments. Father does not appeal this ruling.

7.    That Father's parenting time at Family House shall be at his own expense.

8.    That, if Father successfully completes parenting time with [P.D.] for six (6) consecutive weeks, two (2) times each week, for one (1) hour each session at Family House, Father's parenting time with [P.D.] shall thereafter be extended to that set out for a child [P.D.'s] age in the Indiana Parenting Time Guidelines.

*Appendix* at 5.

On appeal, Father contends that Mother presented no evidence that he posed a physical threat to P.D. or that unsupervised parenting time would significantly impair P.D.'s emotional development. Directing us to a statute governing modifications of existing parenting time orders,[3] he argues that the order for supervised parenting time violated Indiana law.

[7]    We observe that this was an initial determination of parenting time, not a modification. Thus, I.C. § 31-17-4-1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly), rather than I.C. § 31-17-4-2, was the applicable statute. This statute provides in relevant part:

(a) A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that the parenting time by the noncustodial parent might endanger the child's

---

[3] Ind. Code Ann. § 31-17-4-2 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

physical health or significantly impair the child's emotional development.

*Id.* Father presents no argument that the short term of supervised parenting time, intended to reacquaint him with his two-year-old son before full parenting time pursuant to the Guidelines, was unreasonable.

[8] Moreover, at the final hearing, Father expressly agreed to a period of phase-in supervised parenting time at Family House. Father simply expressed concern over the number of visits and the cost. Under the circumstances, Father cannot now be heard to complain that the short period of supervised parenting time ordered by the trial court violated Indiana law.

[9] Father also asserts a fundamental error argument that is difficult to follow. He makes no effort to establish that fundamental error is applicable in this civil context and then focuses on cases not involving fundamental error but, rather, trial court bias.[4] We find this argument unavailing.

[10] Judgment affirmed.

Kirsch, J., and Crone, J., concur.

---

[4] While the trial court's statement at the conclusion of the provisional hearing (*see* supra n.1) was imprudent, we are confident, based on our review of the record, that the hearings were conducted in an impartial manner. *C.f. Brokus v. Brokus*, 420 N.E.2d 1242, 1249 (Ind. Ct. App. 1981) (reversing custody order for abuse of discretion where "record [was] replete with statements and actions by the trial court exemplifying its prejudice [in favor of mother]").